IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) | : | MDL NO. 2342 |
| PRODUCTS LIABILITY LITIGATION | : | 12-MD-2342 |
| | : | HON. CYNTHIA M. RUFE |
| | : | |
| THIS DOCUMENT APPLIES TO: | : | CIVIL ACTION |
| | : | |
| *Smith, et al. v. Pfizer, Inc., et al.* | : | No. 12-3122 |
| *J.H., et al. v. Pfizer, Inc., et al.* | : | No. 12-6550 |
| *J.W., et al. v. Pfizer, Inc., et al.* | : | No. 13-3232 |

## MEMORANDUM OPINION

**Rufe, J.**                                                    **November 14, 2013**

Plaintiffs have moved to remand these cases, which were filed in California and Illinois

state courts, and then removed and transferred to the Zoloft Multi-District Litigation. The

lawsuits were filed against Pfizer, Inc., the manufacturer of Zoloft, and against distributors of

Zoloft. For the following reasons, the Court will grant the motions to remand.[1]


## I.  STANDARD OF REVIEW

Removal of a civil action from state to federal court is proper only if the action initially

could have been brought in federal court.[2] The removal statutes "are to be strictly construed

against removal and all doubts should be resolved in favor of remand."[3] 28 U.S.C. § 1331 grants

---

[1] Motions to dismiss have been filed by various defendants in the *J.H.* case. Because the cases will be remanded, and for the reasons explained below, the Court will not rule on the motions to dismiss.

[2] 28 U.S.C. § 1441(a). For a detailed analysis of removal issues in a similar context, see this Court's opinion in *In re: Avandia Marketing, Sales Practices, and Prods. Liab. Litig.*, 624 F. Supp. 2d 396 (E.D. Pa. 2009).

[3] *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[4] 28 U.S.C. § 1332 provides that the federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[5] The party removing the case has the burden to prove that federal jurisdiction is proper at all stages of the litigation.[6]

## II. DISCUSSION

In these cases, Plaintiffs seek remand because diversity jurisdiction is lacking: at least one of the Plaintiffs and one of the Defendants are citizens of the same state. Defendants argue that Plaintiffs cannot state a claim against the distributor Defendants, meaning that these Defendants have been fraudulently joined and therefore should be disregarded in determining diversity jurisdiction. Defendants also argue that Plaintiffs from different states with different claims have been improperly joined in a single lawsuit, and they should be severed.

### A. Fraudulent Joinder: The *Smith* and *J.W.* Cases

"The doctrine of fraudulent joinder prevents a plaintiff from joining a non-diverse defendant 'with no real connection to the controversy' to defeat federal removal jurisdiction."[7] Because the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant," a district court may disregard the citizenship of any fraudulently joined defendant

---

[4] 28 U.S.C. § 1331.

[5] 28 U.S.C. § 1332(a).

[6] *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

[7] *In re Fosamax Prods. Liability Litig.*, MDL No. 1789, 2008 WL 2940560, at *3 (S.D.N.Y. July 29, 2008) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 4601-61 (2d Cir. 1998)).

when assessing the propriety of removal premised on diversity jurisdiction.[8]

A district court may base a finding of fraudulent joinder on factual or legal grounds. Under the test established by the Court of Appeals for the Third Circuit, such a finding is appropriate "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."[9] To assess the quality of a claim in these regards, a district court must look to the requirements of state law. A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law.[10] With respect to a claim's factual basis, a "limited piercing of the allegations to discover fraudulent joinder" may be appropriate.[11] The "limit[ation]" is significant, however, with the permissible inquiry being less probing than the review a district court conducts in deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[12]

The heavy burden of demonstrating that a defendant was fraudulently joined rests with the defendant making the charge.[13] When evaluating a charge of fraudulent joinder, "[a] district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the

---

[8] *In re Diet Drugs Litig.*, 294 F. Supp. 2d 667, 672 (E.D. Pa. 2003).

[9] *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (quotation omitted).

[10] *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992).

[11] *Boyer*, 913 F.2d at 112.

[12] *Batoff*, 977 F.2d at 852.

[13] *Boyer*, 913 F.2d at 111.

current state of controlling substantive law in favor of the plaintiff."[14] Moreover, "if there is

even a possibility that a state court would find that the complaint states a cause of action against

any one of the resident defendants, the federal court must find that joinder was proper and

remand the case to state court."[15]

This Court held in *Avandia* that claims asserted against McKesson Corporation, which is

also the distributor named in the *Smith* and *J.W.* cases, compelled remand.[16] Pfizer, however,

argues that the Supreme Court's decision in *PLIVA, Inc. v. Mensing*,[17] establishes that the

state-law claims Plaintiffs have asserted against McKesson are preempted by federal law, and

therefore McKesson was fraudulently joined in the *Smith* and *J.W.* cases (which were removed

from California state court). The Court disagrees. A preemption defense goes to the merits of a

plaintiff's case and does not overcome the strong presumption against removal jurisdiction.[18]

"Thus, while the argument that distributors of brand name drugs are the same as generic

manufacturers may be persuasive, unless and until this rationale is extended, it is not obvious that

---

[14] *Id.*

[15] *Id.* (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

[16] *In re: Avandia,* 624 F. Supp. 2d 396.

[17] 131 S. Ct. 2567 (2011) (holding from changing an approved drug safety label). More recently, in
*Mutual Pharmaceutical Co. v. Bartlett,* 133 S. Ct. 2466 (2013), the Supreme Court held that state-law claims based
on a generic drug manufacturer's failure to strengthen warnings were preempted by federal law. Neither case
addressed claims against drug distributors. In opposing remand, Pfizer relies heavily on the decision in *In re
Fosamax (Alendronate Sodium) Products Liability Litigation,* MDL No. 2243, 2012 WL 181411 (D.N.J. Jan. 17,
2012), in which the district court granted a motion for judgment on the pleadings, holding that claims under New
Jersey state law were preempted. That court did not rule in the context of a motion to remand.

[18] *See Catlett v. McKesson Corp.,* No. 13-2067, 2013 WL 4516732, at *2 (N.D. Cal. Aug. 23, 2013);
*Armstrong v. McKesson Corp.,* No. 13-3113, 2013 WL 4516668 (N.D. Cal. Aug 23, 2013); *Travis v. McKesson
Corp..,* No. 13-3099, 2013 WL 5737946 (N.D. Cal. Aug. 23, 2013). *See also Hughes v. Mylan Inc.,* No. 11–5543,
2011 WL 5075133, at *6 (E.D. Pa. Oct. 25, 2011) ("*Mensing* merely provides a framework for the state court to
adjudicate Plaintiffs' claim; it is not a hook that lands these cases in federal court.").

4

plaintiffs have no claim against McKesson under California law because of a preemption

defense."[19]  Although Plaintiffs may have a difficult time asserting claims against McKesson

under California state law, that does not mean McKesson was fraudulently joined.[20]

## B.    Egregious Misjoinder: The *J.H.* Case

Defendants argue that the *J.H.* case, which was removed from Illinois state court,

improperly joined numerous Plaintiffs who have no relationship to each other.  These Plaintiffs

include both citizens of Illinois, who destroy diversity with regard to the distributor Defendants,

and New York, who destroy diversity with regard to Pfizer.  As this Court held in *Avandia*, the

question of joinder is one of state law in the jurisdiction where the cases were filed.[21]  Under

Illinois law, "[a]ll persons may join in one action as plaintiffs, in whom any right to relief in

respect of or arising out of the same transaction or series of transactions is alleged to exist,

whether jointly, severally or in the alternative, whenever if those persons had brought separate

actions any common question of law or fact would arise."[22]  The Court cannot say as a matter of

law  that Plaintiffs' claims unquestionably fail to meet this permissive standard so as to constitute

"egregious misjoinder,"[23] and therefore leaves any determination of improper joinder to the

---

[19] *Hatherley v. Pfizer, Inc.*, No. 13-719, 2013 WL 3354458, at *6 (E.D. Cal. July 3, 2013) (internal quotation and emphasis omitted) (ordering remand in an Effexor case).

[20] *See id.* at *5. (determining, for purposes of remand, that "California law does not foreclose such liability under either a negligence or a strict liability theory.  Accordingly, it is not obvious that plaintiffs have no claim against McKesson under California law.").  Defendants also argue that Plaintiffs in the *J.W.* case have not adequately alleged that McKesson distributed Zoloft to Plaintiffs.  The Court finds this issue also is appropriately addressed to the state court in the first instance.

[21] *In re Avandia*, 624 F. Supp. 2d at 420.

[22] 735 Ill. Comp. Stat. 5/2-404.

[23] *In re Avandia*, 624 F. Supp. 2d at 412.

5

Illinois courts.[24] Because there is no diversity between certain Plaintiffs and Pfizer, the Court

need not determine whether any of the Illinois defendants have been fraudulently misjoined.

## III.   CONCLUSION

Because there is no diversity jurisdiction, these cases will be remanded to the state

courts, which are the appropriate venues for determination of issues raised in any motions to

dismiss.  An appropriate order will be entered.

---

[24] The Court notes that numerous federal courts in Illinois have declined to apply the fraudulent misjoinder doctrine, and have noted in the alternative that claims similar to those advanced here "cannot be said to be misjoined" under either the Illinois statute or Federal Rule of Civil Procedure 20(a). *Creighton v. Bristol-Myers Squibb & Co.*, No. 13-647, slip op. at 11-13 (N.D. Ill. May 10, 2013) (citing cases).  In addition, Illinois law provides for separate trials where appropriate, which largely would alleviate the concerns with regard to the differences in injuries or the appropriate state law to be applied that Defendants cite. *See id.*