IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL NO. 2342 12-MD-2342 HON. CYNTHIA M. RUFE |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : : : | |

### PRETRIAL ORDER NO. 41
### (PROCEDURES FOR WITHDRAWAL OF PLAINTIFFS' COUNSEL)

**AND NOW,** this 22nd day of November 2013, in order to assure the effective and orderly management of this Multi-District Litigation, the Court hereby sets forth processes to govern the withdrawal of representation by plaintiffs' attorneys in this MDL.

I. **WITHDRAWAL THAT WOULD NOT LEAVE PLAINTIFFS UNREPRESENTED**

In cases where one attorney from a law firm seeks to withdraw and other attorneys from that firm will still represent the plaintiffs, or where counsel seek to enter an appearance on behalf of the plaintiffs at the same time that other counsel seek to withdraw, the withdrawal may be effected by filing a notice of withdrawal on the docket of the individual case and on the MDL docket. A notice of appearance must be filed before, or at the same time as, the notice of withdrawal. All notices of withdrawal must state the names and firm affiliations of all attorneys who will represent the plaintiffs after the attorney in question withdraws his or her appearance.

II. **WITHDRAWAL THAT WOULD LEAVE PLAINTIFFS UNREPRESENTED**

In cases where the withdrawal would leave the plaintiffs in question unrepresented by counsel, even temporarily, withdrawal requires leave of Court. Counsel seeking to withdraw must file a motion in the individual case and on the MDL docket. The motion to withdraw will only be considered by the Court after:

1. The moving attorney files proof that the affected plaintiffs have been notified in advance of counsel's intent to withdraw, and that withdrawal requires Court

approval; and

2. A Plaintiff's Fact Sheet is completed and submitted for the affected plaintiffs; and

3. The affected plaintiffs submit a certification stating:

   a. whether or not the plaintiffs object to the requested withdrawal; and

   b. whether the plaintiffs are attempting to obtain other counsel, and if so, the expected time it will take to obtain new representation; and

   c. an address and any other information necessary for the Court and Liaison Counsel to communicate with the plaintiffs.

4. If the motion is not accompanied by the certification referred to above, then counsel must submit with the motion a proposed form of order by which the Court may schedule a hearing date for the motion to withdraw. Counsel must serve any order setting a hearing date upon the affected plaintiffs and file a certificate of service within seven days after the order has been docketed. Counsel seeking to withdraw must appear at the hearing.

## III. RETROACTIVITY

These procedures apply to all pending motions to withdraw retroactively, and therefore must be complied with by those attorneys who have already filed motions to withdraw. Each such attorney is **ORDERED** either to file an amended motion that references the prior motion by docket entry number and complies with the procedure set forth above, as applicable, or, in the alternative, to file a status report referencing the previously filed motion and demonstrating that the motion already satisfies the dictates of this Order.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.