## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) | : | MDL NO. 2342 |
| PRODUCTS LIABILITY LITIGATION | : | 12-MD-2342 |
| | : | |
| | : | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT APPLIES TO: | : | CIVIL ACTION |
| | : | |
| *Porter,* et al. *v. Pfizer, Inc.,* et al. | : | No. 12-3960 |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                    **May 29, 2014**

This case was filed initially in Pennsylvania state court in 2007 against SmithKline

Beecham Corporation ("SKB"), alleging that the mother Plaintiff ingested Paxil during her

pregnancy, which caused the child Plaintiff to suffer from birth defects.  In 2012, Plaintiffs filed

an amended complaint naming Pfizer Inc. as an additional defendant and alleging that the mother

Plaintiff also ingested Zoloft during her pregnancy.  Although the state-court order that granted

Plaintiffs leave to file an amended complaint specifically stated that "[t]he granting of this

motion is without prejudice to Pfizer to file a motion to dismiss for untimely filing of said

motion to amend," Pfizer did not attempt to challenge its joinder into a five-year old case in state

court.[1]  Instead, Pfizer, with the consent of SKB, filed a notice of removal invoking this Court's

diversity jurisdiction. Plaintiffs have moved to remand the action to the state court.

At the time this lawsuit was commenced, the removal statute provided in relevant part

that:

> If the case stated by the initial pleading is not removable, a notice of removal may
> be filed within thirty days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from

---

[1] Order of June 4, 2012, *Porter v. SmithKlineBeecham Corp.*, Sept. Term 2007 No. 3275 (Phila. CCP).

which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.[2]

All parties agree that when the action was commenced, it was not removable. Plaintiffs were residents of Ohio and SKB was a Pennsylvania corporation. Although there was compete diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the removal statute provided that a diversity case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[3] SKB shed its Pennsylvania citizenship in 2009.[4] The parties disagree as to whether this development overcame the forum defendant rule (and SKB did not seek to remove in 2009), but the Court need reach that issue only if the removal itself was timely.

It is undisputed that although Pfizer removed the action within 30 days of being joined in 2012, this occurred more than one year after the lawsuit was filed. Therefore, pursuant to the plain language of Section 1446(b), removal was untimely. Pfizer urges the Court to apply an equitable exception to this one-year removal period, arguing that the Third Circuit likely would recognize such an exception. In support, Pfizer relies upon the decision in *Ariel Land Owners, Inc. v. Dring*.[5] In *Ariel*, the Third Circuit held that the one-year period in section 1446(b) was procedural, not jurisdictional, and that the plaintiff had waived any objection to untimely removal

---

[2] 28 U.S.C. § 1446(b) (1988) (amended 2011).

[3] 28 U.S.C. § 1441(b) (1988) (amended 2011). The current version of the statute is substantially similar: "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

[4] *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 336 (3d Cir. 2013).

[5] 351 F.3d 611 (3d Cir. 2003).

2

by failing to file a motion to remand within 30 days of removal, as required by section 1447(c).[6]
Pfizer argues that the court in *Ariel* approvingly cited a Fifth Circuit decision which stated that
"the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit."[7]
The Third Circuit, however, cited *Tedford*, among other authorities, simply for the proposition
that the one-year limitation on removal and the 30-day period to file a remand motion are both
procedural, not jurisdictional, and should be applied consistently, such that an untimely motion to
remand was to be denied even if removal was also untimely, having occurred more than a year
after commencement of the case.[8]  Moreover, the Third Circuit noted that according to the
legislative history of the version of Section 1446(b) in effect when the lawsuit was filed, "the
one-year time limit was intended to remedy the anomalous situation where a change in the parties
late in the litigation allows a party to remove for the first time."[9]  This case presents such an
anomalous situation.

      Some courts in this District have held that the *Ariel* court's holding that the one-year
limitation on removal was procedural, not jurisdictional, "open[ed] the door to an examination of
equitable considerations in deciding whether to allow exceptions."[10]  Under the unusual
circumstances of this case (in which SKB never challenged the viability of the claims against it
nor sought to remove until after Pfizer was joined), this Court concludes that the case would not

---

[6] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

[7] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003).

[8] *Ariel*, 351 F.3d at 614.

[9] *Id.* at 615 (citing H.R. Rep. No. 100-889, at 72 (1988)).

[10] *Various Plaintiffs v. Various Defendants (Oil Field Cases)*, 673 F. Supp. 2d 358, 364 (E.D. Pa. 2009).

be removable even if were proper to apply equitable considerations.[11]  In this regard, the Court

remains mindful of the Third Circuit's clear directive that the removal statutes "are to be strictly

construed against removal and all doubts should be resolved in favor of remand."[12]

Finally, to the extent the one-year limitation could be viewed as unfair in certain cases,

amendment of the statute is the province of Congress. And indeed, in 2011, Congress amended

Section 1446, which now provides in relevant part:

> (b) . . . (3) Except as provided in subsection (c), if the case stated by the initial
> pleading is not removable, a notice of removal may be filed within 30 days after
> receipt by the defendant, through service or otherwise, of a copy of an amended
> pleading, motion, order or other paper from which it may first be ascertained that
> the case is one which is or has become removable.
> (c) Requirements; removal based on diversity of citizenship.– (1) A case may not
> be removed under subsection (b)(3) on the basis of jurisdiction conferred by
> section 1332 more than 1 year after commencement of the action, unless the
> district court finds that the plaintiff has acted in bad faith in order to prevent a
> defendant from removing the action.[13]

The legislative history of the 2011 amendment makes clear that the intention of the

amendment was to resolve uncertainty in the case law and to create a limited exception to the

one-year rule:

> In 1988, Congress amended this statute to prohibit the removal of diversity cases
> more than one year after their commencement. This change was intended to
> encourage prompt determination of issues of removal in diversity proceedings,
> and it sought to avoid the disruption of state court proceedings that might occur
> when changes in the case made it subject to removal. The change, however, led
> some plaintiffs to adopt removal-defeating strategies designed to keep the case in

---

[11] *Id.* (holding, in the context of the asbestos MDL, that application of an exception would not be appropriate because "at least through lack of diligence, the defendants are partly responsible for the delay in proceedings in state court").

[12] *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

[13] 28 U.S.C. § 1446(b)(3),(c) (effective January 6, 2012). *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758, 764–65.

state court until after the 1-year deadline passed. In those situations, some courts have viewed the 1-year time limit as "jurisdictional" and therefore an absolute limit on the district court's jurisdiction. Other courts have viewed the period as "procedural" and therefore subject to equitable tolling (e.g., *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003)). In light of some ambiguity in the case law (compare *Bowles v. Russell*, 551 U.S. 205 (2007) (rejecting equitable tolling) with *Holland v. Florida*, 130 S. Ct. 2549 (2010) (accepting such tolling)), inclusion of statutory language to resolve the conflict is appropriate.

Proposed paragraph 1446(c)(1) grants district court judges discretion to allow removal after the 1-year limit if they find that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. The inclusion in the new standard of the phrase "in order to prevent a defendant from removing the action" makes clear that the exception to the bar of removal after one year is limited in scope.[14]

The amended statute only applies to cases commenced on or after January 6, 2012, and therefore this case is subject to the earlier version of the statute. However, even if it were appropriate to apply an equitable exception under the earlier version of the statute, the Court would follow the language of the amendment and would only allow an exception if Defendants could establish that Plaintiffs "acted in bad faith in order to prevent a defendant from removing the action." Defendants have not met that standard, and the case will be remanded.[15]

---

[14] H.R. Rep. 112-10, at 579 (2011).

[15] Defendants argue that according to medical records the mother Plaintiff took generic paroxetine, not Paxil, during her pregnancy, and therefore Plaintiffs should have dismissed the action against SKB as there is no valid claim against it and filed a new action against Pfizer. Plaintiffs argue that there is still a basis for liability against SKB either because the mother Plaintiff took Paxil shortly before conceiving or because SKB is liable even for the generic paroxetine. Whatever the merits of these arguments, Defendants have not established bad faith.