IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION | : MDL NO. 2342<br>: 12-MD-2342<br>:<br>: HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | :<br>:<br>:<br>: |

## ORDER

On April 1, 2015, the Court entered Pretrial Order No. 83, which set forth a schedule for the second round of general causation *Daubert* proceedings and for initial trials. PTO 83 set a deadline of May 15, 2015, by which "Plaintiffs may submit expert reports for injuries not included in the PSC's reports."[1] This language was drawn from PTO 23, which had set the schedule for the earlier *Daubert* proceedings and which gave Plaintiffs 45 days from the PSC's submission of expert reports to "submit expert reports for injuries not included in the PSC's reports."[2] The PSC has moved to extend this deadline in PTO 83; Pfizer has filed its own motion seeking clarification of PTO 83.

The PSC moves to extend the deadline for additional expert reports from May 15, 2015, until September 1, 2015. The Court has determined that such an extension is unreasonable, but will grant an additional 30 days, until June 15, 2015. The Court is confident that the 45-day time frame in PTO 83 was reasonable. The parties agreed to such timing in the earlier PTOs, which the Court approved. In addition, Plaintiffs should have been preparing for such a deadline. The

---

[1] PTO 83 [Doc. No. 1165] at 1.

[2] PTO 23 [Doc. No. 437] at 4. This language also appeared in earlier scheduling orders, PTOs 15 and 20. Doc. Nos. 287, 371. Because the PSC's earlier expert reports encompassed essentially all of the injuries Plaintiffs attribute to Zoloft use, there was no need for the submission of additional expert reports at that time.

Court issued the Opinion and Order excluding the testimony of Dr. Bérard on June 27, 2014.[3] The PSC filed its motion to present the general causation expert testimony of Dr. Jewell on October 1, 2014; the expert report attached to the motion addressed a limited universe of allegedly Zoloft-caused injuries.[4] Thus, at the time the Court issued PTO 83, Plaintiffs' counsel had known for *six months* which injuries the PSC's expert reports included. The motion cites the need to consult with clients, retain an expert, and have the expert prepare and issue a report.[5] Nothing prevented counsel from taking such actions sooner. In setting the schedule, although the Court determined that additional *Daubert* proceedings may be scheduled, it also concluded that it would be useful to know the full scope of general causation expert opinions before beginning the hearing scheduled on July 7, 2015. Therefore, the Court will not extend the deadline until September, but a shorter extension, until June 15, 2015, will not interfere with the schedule and will be granted.

Pfizer has filed its own motion with regard to PTO 83, in which it requests that the Court make clear first, that the deadline for the submission of additional general causation expert reports does not apply to any Plaintiffs represented by members of the PSC and second, that it does not apply to any Plaintiffs whose cases were pending in the MDL as of June 27, 2014, when the Court ruled on Dr. Bérard's proposed testimony. The Court will deny Pfizer's motion, which is devoid of citation to any authority that would justify the disparate treatment of these Plaintiffs. Pfizer also argues that summary judgment or dismissal with prejudice should be entered as to any Plaintiffs who fail to designate experts by the deadline or who seek to dismiss their claims

---

[3] Doc. Nos. 979, 980. The Court excluded in part the testimony of Drs. Sadler, Cabrera, and Levin by Opinion and Order dated August 12, 2014. Doc. Nos. 1033, 1034.

[4] Doc. No. 1054. The Court granted the motion by Opinion and Order dated January 7, 2015, almost four months before PTO 83 was issued. Doc. Nos. 1108, 1109.

[5] Doc. No. 1166 at 2.

before the deadline. This argument is premature, as no motions to dismiss without prejudice have been filed and no deadlines have passed. The Court fully understands Pfizer's argument on this point but will cross this bridge when the parties arrive at it.

**AND NOW**, this 20th day of April 2015, upon consideration of the following motions and the opposition thereto, it is hereby **ORDERED** that:

1. Plaintiffs' Motion to Modify PTO 83 to Extend the Time for Plaintiffs to Produce General Causation Expert Reports for Injuries Not Included in the PSC's Reports [Doc. No. 1166] is **GRANTED in part and DENIED in part**. The deadline is extended until June 15, 2015. A Pretrial Order to this effect will be entered.

2. Defendants' Motion for Clarification of Pretrial Order No. 83 [Doc. No. 1167] is **DENIED**.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.